IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-90-GCM

| FURNITURE DISTRIBUTORS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| SOFTWARE SUPPORT-PMW, INC., | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on Defendant's Motion to Compel Discovery, [Doc. No. 17], Plaintiff's response, [Doc. No. 21], and Defendant's reply, [Doc. No. 22]. The matter is fully briefed and is ripe for this Court's consideration. The Court notes that that the parties concede that all of the discovery Defendant requested in the initial motion has now been produced and that the only remaining issue for the Court is attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

Rule 37(a)(5)(A) provides:

If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party of deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii)    the opposing party's nondisclosure, response or objection was substantially justified; or

(iii)    other circumstances make an award of expenses unjust.

1

The Court has considered the arguments, regarding the imposition of attorney's fees, in the briefs submitted to the Court, and concludes that routine communication issues exacerbated by management issues at Plaintiff's counsel's law firm involving personnel concerns were the root cause of the discovery delay. Defendant has now received all of the discovery he has requested pursuant to this motion, albeit at a slower and perhaps frustrating pace than anticipated. However, this Court concludes that the above factors would make an award of attorney's fees unjust and therefore declines to award any fees in connection with this motion. However, the Court cautions that personnel management issues cannot be allowed to derail the discovery process and that further delays will likely result in sanctions.

**SO ORDERED**.

Signed: April 9, 2013

Graham C. Mullen
United States District Judge